```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


HEITECH SERVICES, INC.,        )
                               )
     Plaintiff,                )
                               )
          v.                   )     1:14cv739 (JCC/TCB)
                               )
FRONT ROWE, INC., et al.,      )
                               )
     Defendants.               )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff HeiTech Services, Inc.'s Motion for Summary Judgment against the individual Defendants Atron Rowe and Karen Rowe. [Dkt. 31.] For the reasons set forth below, the Court will grant the motion and enter judgment in favor of Plaintiff against the individual Defendants Atron Rowe and Karen Rowe.

**I. Background**

On June 16, 2014, Plaintiff HeiTech Services, Inc. ("Plaintiff") filed a Complaint against Defendants Front Rowe, Inc. ("FRI"), Atron Rowe ("Atron"), and Karen Rowe ("Karen") (collectively "Defendants") alleging Breach of Contract, as to FRI only, and Fraud, as to all Defendants. (Compl. [Dkt. 1] at 7-10.) On December 9, 2014, the Court stayed this matter as to the two individual Defendants, Atron and Karen, after the Court received notice of their Chapter 13 bankruptcy filings. (Order

1

[Dkt. 40].)  Subsequently, the Court granted Plaintiff's unopposed motion for summary judgment against FRI, and the Clerk of Court entered judgment in favor of Plaintiff against FRI in the amount of $505,758.63.  (Mem. Op. [Dkt. 42]; Order [Dkt. 43]; Judgment [Dkt. 44].)

On April 7, 2015, upon Plaintiff's motion, the Court lifted the stay previously imposed as to Atron and Karen because their bankruptcy proceedings were dismissed.  (Order [Dkt. 51].)  At that time, the Court also set a briefing schedule for Plaintiff's motion for summary judgment against Atron and Karen, which is now before the Court and ripe for disposition.  (Id.)

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Evans v. Techs. Applications & Serv., Co., 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted).  In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant [and] determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant."  Brock v. Entre Computer Ctrs., 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

2

However, once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); see also Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc., 673 F.3d 294, 299 (4th Cir. 2012) (stating the opposing party must "come forward with specific facts showing that there is a genuine issue for trial.") (citations and internal quotations omitted).  Specifically, on summary judgment, the parties are required to list the undisputed material facts.  E.D. Va. Local Civil Rule 56(B).  "In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."  Id.  Similarly, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

### III. Undisputed Material Facts

Individual pro se Defendants Atron and Karen filed a response to Plaintiff's motion for summary judgment.  (Defs.' Opp'n [Dkt. 52].)  Atron and Karen attached emails to their

3

response that are irrelevant to the issues now before the Court. (Defs.' Opp'n Ex. 1.)  Furthermore, Atron and Karen do not otherwise attach or cite to any evidence in an attempt to contradict or address Plaintiff's assertion of fact as required by Rule 56(c) of the Federal Rules of Civil Procedure. Accordingly, the Court deems Plaintiff's assertion of undisputed facts admitted. JDS Uniphase Corp. v. Jennings, 473 F. Supp. 2d 705, 707 (E.D. Va. 2007).  The Court previously summarized the undisputed material facts of this case and therefore need not repeat those facts here.  (See Mem. Op. at 4-7; HeiTech Servs., Inc. v. Front Rowe, Inc., No. 1:14cv739 (JCC/TCB), 2014 WL 7240184, at *2-3 (E.D. Va. Dec. 19, 2014).)

**IV. Analysis**

On Plaintiff's previous motion for summary judgment against FRI, the Court found that FRI was liable for breach of contract to Plaintiff in the amount of $450,421.43.[1]  (Mem. Op. at 7-10.)  The Court also found that because Plaintiff was entitled to judgment as a matter of law on the breach of contract claim against FRI as discussed above, Plaintiff was not entitled to double recovery for the same harm under a theory of fraud.  Thus, the Court denied Plaintiff's motion as to the fraud claim.  (Id. at 10-11.)  Finally, the Court did not

---

[1] This amount was the sum owed for unpaid invoices ($166,309.62) and under-reported production output ($284,111.81).  (Id.)

4

previously address Plaintiff's fraud claim against individual Defendants Atron and Karen Rowe, nor did it address Plaintiff's request to pierce the corporate veil of FRI and hold Atron and Karen Rowe personally liable for the judgment entered against FRI because, at that time, the instant litigation had been stayed against Atron and Karen Rowe due to their bankruptcy proceedings. (Id. at 11-12.) Now that the stay has been lifted, there are two issues the Court must address. First, whether Plaintiff is entitled to summary judgment on its fraud claim against Atron and Karen Rowe. And second, whether Plaintiff is entitled to judgment as a matter of law against Atron and Karen Rowe under a theory of piercing the corporate veil to hold them personally liable for the breach of contract judgment previously entered by the Court.

### A. Fraud Claim Against Individual Defendants

As to the first issue, Plaintiff claims that (1) it relied on the material misrepresentations of Atron and Karen Rowe as to the actual production outputs; (2) had it not relied on the material representations of the individual Defendants, Plaintiff contends it would have stopped work under the Subcontract and not committed further resources; and (3) it is entitled to $284,111.81 in damages. (Compl. ¶ 51; Pl.'s Mem. at 16 n.1.) The Court previously entered judgment in Plaintiff's favor against FRI in this exact amount under the breach of

5

contract claim. (Mem. Op. at 9; Order at 1.) The harm at issue in the fraud claim is the same harm at issue in the breach of contract claim. Thus, any award under the fraud claim would constitute double recovery because of Plaintiff's prior recovery under the breach of contract claim. (See Mem. Op. at 10-11 (citing Equal Emp't Opportunity Comm'n v. Waffle House, 534 U.S. 279, 297 (2002); Winant v. Bostic, 5 F.3d 767, 775 (4th Cir. 1993); X-It Prods., LLC v. Walter Kidde Portable Equipment, Inc., 227 F. Supp. 2d 494, 524 (E.D. Va. 2002) ("Federal law also prohibits multiple recovery for one cause of action or set of injuries.")).) Because the Court has previously found that Plaintiff is entitled to judgment as a matter of law on the breach of contract claim, which remedies the same harm that the fraud claim seeks to remedy, Plaintiff is not entitled to double recovery. See Winant, 5 F.3d at 775 ("Although a party may assert claims for money damages based on fraud, breach of contract, and unfair and deceptive trade practices, he may succeed on only one basis.") (citing Cool Light Co. v. GTE Prods. Corp., 973 F.2d 31, 35 (1st Cir. 1992), cert. denied, 507 U.S. 973 (1993)). Therefore, the Court will not enter judgment as a matter of law as to the fraud claim against Atron and Karen Rowe.

The only issue that remains is whether Plaintiff is entitled to judgment as a matter of law against Atron and Karen

6

Rowe under a theory of piercing the corporate veil to hold them personally liable for the breach of contract judgment previously entered by the Court against FRI.

### B. Piercing the Corporate Veil

> Under Virginia law, a court may pierce the corporate veil to find that an individual is the alter ego of a corporation where it finds (i) a unity of interest and ownership between the individual and the corporation, and (ii) that the individual used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage.

Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 434 (4th Cir. 2011) (quoting C.F. Trust, Inc. v. First Flight Ltd. P'ship, 306 F.3d 126, 132 (4th Cir. 2002)) (internal quotation marks and brackets omitted). To make a finding of unity of interest and ownership under the first prong, courts consult a number of factors, including: (1) comingling of personal and corporate funds; (2) siphoning business assets into personal pockets or accounts; (3) undercapitalization of the business; and (4) whether business formalities were observed. McCarthy v. Giron, No. 1:13-CV-1559-GBL, 2014 WL 2696660, at *15 (E.D. Va. June 6, 2014) (citing cases). To make a finding under the second factor, courts ultimately must determine "if there was a legitimate business purpose for the conduct in question." Id. (citing C.F. Trust, Inc. v. First Flight Ltd. P'ship, 140 F. Supp. 2d 628, 643 (E.D. Va. 2001)).

7

Here, first, there is no material dispute that a unity of interest and ownership existed between Atron and Karen Rowe and FRI. Atron and Karen Rowe comingled their personal account with the FRI account and regularly siphoned business assets into their personal accounts. During his deposition, Atron Rowe testified that between July of 2012 and April of 2014, the individual Defendants would regularly transfer funds between the FRI account and their personal bank account. (Pl.'s Mem. Ex. 1 [Dkt. 34-2] ("Atron Dep.") at 41-44.) Specifically, in some months, the individual Defendants, on at least nine occasions, "took what little money [they] needed or what [they] needed at the time or what was available for [them] to take. It was just basic living expenses." (Atron Dep. at 44.) Atron Rowe admitted that they would both take money out of the Front Rowe account to meet their personal living expenses. (Id.) The total amount transferred from their FRI account into their personal bank account was $308,858.25 for this 22-month period. (Id. at 43.) In 2013 alone, the individual Defendants transferred $199,303.25 into their personal bank account. (Id.) Atron Rowe also acknowledged that he would transfer money from their personal account into the FRI account because they "probably had an expense and [he] just moved money over into the account." (Id.) Additionally, FRI's street address on many certified invoices and bank statements is the same street

8

address as Karen Rowe's personal home, which also indicates that the individual Defendants treated the FRI bank account as their personal bank account. (See Pl.'s Mem. Exs. 15-32 [Dkts. 34-15 to 34-33].) This comingling of personal and corporate funds and siphoning of business assets into personal accounts shows that a unity of interest existed between FRI and Atron and Karen Rowe. See McCarthy, 2014 WL 2696660, at *15 ("The corporate bank account was used as Defendants' personal account, where they deposited and withdrew money, and paid their personal expenses . . . . These transfers were made with the money paid to [the company] . . . .").

Moreover, FRI was undercapitalized at this time while the individual Defendants regularly comingled FRI and personal funds. FRI was not making payments to Plaintiff on its invoices that were due. (See Pl.'s Mem. at 12-13, Exs. 57-77, 78-98; Defs.' Answer ¶¶ 20-26.) Additionally, there is no evidence in the record that any business formalities were observed by FRI. Karen Rowe is the President/CEO and Atron Rowe is the Vice President, Treasurer, and Chief Financial Officer. (Atron Dep. at 12; Answer ¶¶ 3-4.) Thus, it appears FRI is a closely-held corporation managed exclusively by Atron and Karen Rowe, and the individual Defendants have failed to present any evidence to the contrary. (Id.) Accordingly, the Court finds under the first

9

prong that it is undisputed that a unity of interest existed between FRI and Atron and Karen Rowe.

Second, there is also no material dispute that the individual Defendants used FRI to evade personal obligations and to gain an unfair advantage. The Court's ultimate inquiry under the second prong is to determine "if there was a legitimate business purpose for the conduct in question." McCarthy, 2014 WL 2696660, at *15 (citing C.F. Trust, Inc. v. First Flight Ltd. P'ship, 140 F. Supp. 2d 628, 643 (E.D. Va. 2001)). Atron and Karen Rowe have not put forth any explanation that might constitute a valid business purpose for the transfers discussed above. The only explanation in the record shows that transfers were made to meet basic personal living expenses. "In the absence of a valid business reason for their conduct, the Court may conclude that Defendants were using the corporate form improperly." McCarthy, 2014 WL 2696660, at *15. Because Atron and Karen Rowe used FRI for an improper purpose, "they should not be protected by the limited liability shield that is afforded by the corporate form." Id. Indeed, this factual scenario is exactly the type of situation where piercing the corporate veil is required.

Accordingly, the Court finds under the second prong it is undisputed that Atron and Karen Rowe used FRI to evade personal obligations and to gain an unfair advantage with no

proper business purpose. Thus, under the facts of this case, it is appropriate to pierce the corporate veil and hold Atron and Karen Rowe personally liable for the judgment entered against FRI.[2]

### V. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's motion for summary judgment and enter judgment in its favor against individual Defendants Atron and Karen Rowe.

An appropriate Order shall issue.

|  |  |
|---|---|
| May 26, 2015<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |

---

[2] Having previously found that judgment should be entered as a matter of law in favor of Plaintiff against FRI as to the breach of contract claim, and having now found that judgment should be entered as a matter of law against Atron and Karen Rowe individually as to this prior judgment against the corporation, there is no issue of fact that remains for a jury to decide. Winant, 5 F.3d at 775. Because these findings award Plaintiff the full relief that it seeks, this matter shall be concluded.

11