**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **HEITECH SERVICES, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00739-JCC-TCB |
| ) | |
| **FRONT ROWE, INC.**, *et al*. ) | |
| ) | |
| **Defendants** ) | |
| ) | |

### MEMORANDUM IN SUPPORT OF MOTION FOR AWARD
### OF COSTS AND ATTORNEYS' FEES

Plaintiff HeiTech Services, Inc. ("HeiTech"), by counsel, pursuant to Fed. R. Civ. P. 54(d), in support of its Motion for Award of Costs and Attorneys' Fees respectfully submits the following:

### RELEVANT FACTUAL BACKGROUND

1. On December 14, 2014, by Memorandum Opinion, summary judgment was entered in HeiTech's favor and against Defendant Front Rowe, Inc. ("FRI") in the amount of $505,758.63, based upon breach by FRI of the Subcontract between FRI and HeiTech, entered into on or about July13, 2012 (the "Subcontract"). *See* Dkt. 42. A copy of the Subcontract is attached hereto as Exhibit A.

2. On May 26, 2015, by Memorandum Opinion, judgment was entered against individual Defendants Atron Rowe and Karen Rowe (the "individual Defendants"), holding them personally liable for the breach of contract judgment entered on December 14, 2014, based upon a theory of piercing the corporate veil. *See* Dkt. 56.

3. In its May 26, 2015 Memorandum Opinion, the Court noted, *inter alia,* that the individual Defendants were officers and the exclusive managers of closely-held FRI, and that they had "comingled their personal account with the FRI account" and "regularly siphoned

business assets into their personal accounts." Dkt. 56 at 8.  The Court observed that, at the time the individual Defendants were intentionally siphoning these FRI funds for personal use, FRI was undercapitalized and could not meet its obligation to pay HeiTech's invoices.  *Id.* at 9.  The Court concluded that the individual Defendants used the corporate form of FRI for improper purposes in order to "evade personal obligations and to gain an unfair advantage."  *Id.* at 10.

4. The intentional and unlawful acts of the individual Defendants resulted in FRI breaching its Subcontract with HeiTech and directly necessitated the instant litigation.  *See id.* at 9 ("FRI was undercapitalized at this time while the individual Defendants regularly comingled FRI and personal funds.  FRI was not making payments to Plaintiff on its invoices that were due.").

5. HeiTech presented its evidence of its damages incurred in the form of attorneys' fees and Declaration of Paul W. Mengel III in support thereof to the Court at argument on summary judgment on December 17, 2014, prior to the Court's ruling on summary judgment.

## ARGUMENT

HeiTech is entitled to recover its costs, other than attorneys' fees, as well as its reasonable attorneys' fees incurred.  Pursuant to Fed. R. Civ. P. 54(d)(1), costs other than attorneys' fees should be allowed to the prevailing party.  HeiTech prevailed on its motion for summary judgment against FRI and the individual Defendants.  *See* Dkt. 42, 56.  Thus, HeiTech is entitled to its costs, other than attorneys' fees.

Additionally, under the terms of the Subcontract, FRI agreed to indemnify HeiTech for "all liability, loss, expense, *including reasonable attorneys' fees*, or claims for injury or damages arising out of the performance of this Agreement…to the extent such liability, loss, expense, attorneys' fees, or claims for injury or damages are caused by or result from the negligent or intentional acts or omissions of Front Rowe, Inc., its officers, agents or employees."  *See* Exhibit

2

A § E.05 (emphasis added).  It is beyond dispute, and the Court has determined, that the intentional and improper acts of the individual Defendants during the performance of the Subcontract, who were the officers, agents and alter egos of FRI at all relevant times, led to the losses which HeiTech has suffered.  These losses resulted in this litigation and the attendant attorneys' fees incurred by HeiTech.  In a case involving similar language of an indemnity provision, the Virginia Supreme Court held attorneys' fees to be recoverable by the non-breaching party and that such provisions are not forbidden by law and do not offend Virginia public policy.  *C. & P. Tel. Co. of Va. v. Sisson & Ryan,* 362 S.E.2d 723, 731 (Va. 1987).  As a result, FRI and the individual Defendants should be called upon to reimburse HeiTech's attorneys' fees.[1]

Under Virginia law, "[t]he general rule in this Commonwealth is that in the absence of a statute or contract to the contrary, a court may not award attorney's fees to the prevailing party." *Carlson v. Wells*, 705 S.E.2d 101, 109 (Va. 2011) (quoting *Prospect Dev. Co. v. Bershader*, 515 S.E.2d 291, 300 (Va. 1999)).  As set forth above, the FRI and HeiTech expressly contracted for the award of attorneys' fees under the conditions which occurred herein.  However, even if the Court finds that the indemnification provision of the Subcontract does not apply, Virginia courts have noted several exceptions to the general rule, particularly when there is evidence that a party "engaged in callous, deliberate, deceitful acts" or a "pattern of misconduct." *See id.* at 110 ("In this case, these facts are sufficient to establish a 'pattern of misconduct,' *Prospect Development,* 258 Va. at 92–93, 515 S.E.2d at 301, specifically a pervasive, wanton dereliction of the duties imposed by the General Assembly on UTMA custodians.").  Indeed, in *Carlson,* the Virginia Supreme Court held that an award of attorneys'

---

[1] Based upon written and oral communications from FRI's bankruptcy counsel in January of 2015, after the entry of summary judgment against it, FRI will not dispute HeiTech's claim for its attorneys' fees.

fees to the plaintiffs was appropriate where the defendants, custodians of a Uniform Transfers to Minors Act account, withheld records of the accounts from plaintiffs, commingled funds in the accounts, and one defendant used account funds to reimburse himself for a child support payment. *Id.*  As noted exhaustively in the Court's Memorandum Opinion of May 26, the individual Defendants herein engaged in a pattern of intentional misconduct comprised of deceitful, deliberate acts, such that an award of attorneys' fees is fully warranted in this case. Dkt. 56 at 8-11.

With regard to the rates charged by HeiTech's counsel, PilieroMazza, and the reasonableness of the fees incurred, the Court is directed to the attached Declaration of Craig C. Reilly ("Reilly Declaration," attached as Exhibit B) and Declaration of Paul W. Mengel III ("Mengel Declaration," attached as Exhibit C).  In the Reilly Declaration, Mr. Reilly opines, *inter alia,* that the hourly rates charged by PilieroMazza attorneys are reasonable and consistent with the rates charged for similar litigation services in the Northern Virginia market. *See* Exhibit B ¶ 22.  Mr. Reilly also concludes that the PilieroMazza attorneys have the appropriate expertise to efficiently and effectively handle this matter, and that the case was not over-staffed or over-worked. *Id.* ¶¶ 23, 24. Mr. Reilly's and Mr. Mengel's declarations show that the number of hours and rates charged by PilieroMazza are in accordance with the reasonableness factors outlined in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009).  The statement of attorneys' fees and recoverable costs incurred by HeiTech is attached as Exhibit D, and a Verified Bill of Costs is attached as Exhibit E.

## **CONCLUSION**

WHEREFORE, the foregoing and attached Exhibits considered, HeiTech prays that it be awarded $134,640.00 in attorneys' fees and $8,483.93 in costs incurred, and such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

Dated: June 10, 2015      HEITECH SERVICES, INC.

By Counsel

/s/ Paul W. Mengel III
Paul W. Mengel III (VSB No. 29839)
Megan C. Connor (VSB No. 76619)
Alexander O. Levine (Admitted *Pro Hac Vice*)
PilieroMazza PLLC
888 17th Street, NW
11th Floor
Washington, DC 20006
Phone: (202) 857-1000
Fax: (202) 857-0200
pmengel@pilieromazza.com
mconnor@pilieromazza.com
alevine@pilieromazza.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2015, a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing. I further certify that on the same date a true copy of the foregoing was served by U.S. Mail to the parties identified below and by electronic mail as indicated.

Karen Rowe (also served by electronic mail)
13321 Balmoral Heights Place
Clifton, VA 20124
krowe@frontroweinc.com

Atron Rowe (also served by electronic mail)
12025 New Dominion Parkway, Number 212
Reston, Virginia 20190
arowe@frontroweinc.com

Front Rowe, Inc.
13321 Balmoral Heights Place
Clifton, VA 20124

Front Rowe, Inc.
Attn: Horace McClerklin (Registered Agent)
1940 Duke Street, Suite 200
Alexandria, Virginia 22314
(*Via U.S. Mail only*)

    /s/ Paul W. Mengel III
    Paul W. Mengel III