IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| HEITECH SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:14cv739 (JCC/TCB) |
| ) | |
| FRONT ROWE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff HeiTech Services, Inc.'s Motion for an Award of Costs and Attorneys' Fees.  [Dkt. 61.]  For the reasons set forth below, the Court will grant the motion.

**I. Background**

On July 1, 2012, Plaintiff HeiTech Services, Inc. ("HeiTech") and Defendant Front Rowe, Inc. ("FRI") entered into a Subcontractor Agreement ("the Contract").  FRI subsequently breached the Contract.  On December 19, 2014, the Court granted summary judgment in favor of HeiTech against FRI in the amount of $505,758.63.  (Mem. Op. [Dkt. 42]; Order [Dkt 43]; Clerk's Judgment [Dkt. 44].)  On May 26, 2015, the Court granted summary judgment in favor of HeiTech against individual Defendants Atron Rowe ("Atron") and Karen Rowe ("Karen"), holding them individually liable for the judgment entered against FRI after

1

piercing the corporate veil.  (Mem. Op. [Dkt. 56]; Order [Dkt. 57]; Clerk's Am. Judgment [Dkt. 59].)  In accordance with this Court's June 3, 2015 Order [Dkt. 60], on June 10, 2015, HeiTech filed a Motion for an Award of Costs and Attorneys' Fees [Dkt. 61] with a Memorandum in Support [Dkt. 62].  The collective Defendants have not filed a brief in opposition to this request, and the time to so file has expired.  (See Order [Dkt. 60].)  The Court waives oral argument pursuant to E.D. Va. Local Civil Rule 7(J).  Accordingly, the motion is ripe for disposition.

## II. Legal Standard

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The decision to award costs "lies within the sound discretion of the district court."  Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1172 (2013) (citation omitted); Constantino v. S/T Achilles, 580 F.2d 121, 123 (4th Cir. 1978).  The Court's discretion, however, "is limited to those costs specifically enumerated in 28 U.S.C. § 1920."  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) ("§ 1920 defines the term 'costs' as used in Rule 54(d).").

Conversely, regarding attorneys' fees, "[w]hen state law controls, state law governs not only the right to fees, but also the method of calculating the fees.  The method of

2

calculating a fee is an inherent part of the substantive right to the fee itself and reflects substantive state policy." E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc., 911 F. Supp. 2d 340, 358 (E.D. Va. 2012) (quoting Moore's Federal Practice § 124.07[3][b] (2008)) (additional citations omitted), abrogated on other grounds, 748 F.3d 160 (4th Cir. 2014), 564 F. App'x 710 (4th Cir. 2014).  Other commentators have noted that in some instances, "the judge's exercise of this discretion is not to be fettered by state doctrines relating to attorney's fees," even though "the decisions which hold that state law controls 'appear analytically sounder.'"  E.I. DuPont de Nemours & Co., 911 F. Supp. 2d at 358-59 (quoting 10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure, § 2669 (3d ed. 2012)).

### III. Analysis

#### A. HeiTech is entitled to costs.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, HeiTech is entitled to costs as the prevailing party for filing fees, copies/printing, and court reporting in the total amount of $8,483.93.  See 28 U.S.C. §§ 1920(1) (fees of the clerk and marshal); (2) (fees for transcripts); and (4) (fees for making copies).  The Court has reviewed HeiTech's cost request.  (See Pl.'s Mem. Ex. D [Dkt. 61-4] at 38; Pl.'s Mot. Ex. E [Dkt. 61-5].)  Without any objection from any of the

3

named-Defendants, the Court will award the full amount of costs in HeiTech's favor. Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920.

### B. HeiTech is entitled to attorneys' fees.

"The general rule in this Commonwealth is that in the absence of a statute or contract to the contrary, a court may not award attorney's fees to the prevailing party." Carlson v. Wells, 705 S.E.2d 101, 109 (Va. 2011) (quoting Prospect Dev. Co. v. Bershader, 515 S.E.2d 291, 300 (Va. 1999)). Here, under the terms of the Contract between HeiTech and FRI, which appears to have been drafted by FRI, the parties agreed that:

> Front Rowe, Inc., shall defend, indemnify and hold [HeiTech], its officers, agents and employees harmless from and against any and all liability, loss, expense including reasonable attorneys' fees, or claims for injury or damages arising out of the performance of this Agreement but only in proportion to an to the extent such liability, loss, expense, attorneys' fees, or claims for injury or damages are caused by or result from the negligent or intentional acts or omissions of Front Rowe, Inc., its officers, agents or employees.

(Pl.'s Mem. Ex. A [Dkt. 61-1] at 11 ("the Contract § E.05").) Under Virginia law, similar if not identical indemnity provisions have entitled the prevailing party to recover its attorneys' fees from the breaching party. See, e.g., Chesapeake & Potomac Tel. Co. of Va. v. Sisson & Ryan, Inc., 362 S.E.2d 723, 728-29 (Va. 1987). Accordingly, as a matter of Virginia law, which governs the breach of contract action in this

4

diversity case, HeiTech as the prevailing party is entitled to recover its attorneys' fees from the breaching party. The only question that remains is whether HeiTech's $134,640.00 fee request is reasonable.

When "deciding whether a party has shown the reasonableness of the fees, the fact finder may consider, inter alia, the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate." West Square, LLC v. Commc'n Techs., Inc., 649 S.E.2d 698, 702 (Va. 2007). This is similar to the "lodestar analysis" used by the Fourth Circuit for cases involving federal questions. See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009) (citing Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by, Blanchard v. Bergeron, 489 U.S. 87 (1989))). Each of the twelve factors is briefly addressed in turn:[1]

---

[1] In support of its motion for attorneys' fees, HeiTech attached the Declaration of Craig C. Reilly and the Declaration of Paul W. Mengel III. (See Pl.'s Mot. Ex. B [Dkt. 61-2] Reilly Decl.; Pl.'s Mot. Ex. C [Dkt. 61-3] Mengel Decl.) To prepare his

(1) Time and labor expended: HeiTech's attorneys have submitted affidavits, see supra n.1, which show they have invested a total of 430 hours on this case. The time spent by the attorneys was not unreasonable considering the nature of the case, discussed below, and in light of the affidavits provided.

(2) Novelty and difficulty of the questions raised: The case did not present novel questions of law, but it did involve government contracts law and the law of corporations, including piercing the corporate veil. Accordingly, the Court finds this case was moderately complex, but not significantly or overly complex.

(3) Skill required to properly perform the legal services rendered: Similarly, because the case did not present novel questions of law or fact, the case did not require extraordinary or specialized skill, other than familiarity with corporate and government contracts law.

---

Declaration, Mr. Reilly interviewed HeiTech's principal attorney, Mr. Mengel, reviewed the hourly timesheet for this matter, reviewed online biographies of the lawyers on the case, and reviewed certain pleadings to determine the complexity of the action. (Reilly Decl. ¶ 12.) Mr. Reilly also applied the federal "lodestar" amount to the reasonableness of HeiTech's fee request in accordance with Robinson v. Equifax Info. Servs, LLC, 560 F.3d 235, 243-44 (4th Cir. 2009). (Id. at ¶ 13.) Ultimately, Mr. Reilly concluded that "the hourly rates charged by [HeiTech's attorneys] in this case are reasonable and within the prevailing market rates for the legal services provided." (Id. at ¶ 25.) HeiTech attaches the statement of attorneys' fees. (Pl.'s Mot. Ex. D [Dkt. 61-4].)

(4) Attorneys' opportunity costs in pressing the instant litigation: The attorneys and staff who worked on this case had other work available to them during the pendency of this litigation to which they could have devoted their time and attention, had they not been otherwise occupied with this litigation.  (Mengel Decl. ¶ 6.)

(5) Customary fee for like work: HeiTech has cited, through attached affidavits, the range of hourly rates for similar work in Northern Virginia, which is accepted and adopted by the Court as customary for this type of litigation.

(6) Attorneys' expectations at the outset of the litigation: There is no evidence regarding the attorneys' expectations at the outset of the litigation.

(7) Time limitations imposed by the client or circumstances: There is no evidence regarding any time limitations imposed by the client or circumstances for this case.

(8) Amount in controversy and results obtained: HeiTech sought over $500,000 in damages.  HeiTech obtained the best result possible: the Court granted summary judgment in its favor in the full amount of $505,758.63, jointly and severally, against the corporation and the individual defendants.

(9) Experience, reputation and ability of the attorneys: HeiTech's counsel are all exceptional in this regard. (Reilly Decl. ¶ 22.)

(10) Undesirability of the case within the legal community in which the suit arose: There is no evidence that this case was undesirable within the legal community of Northern Virginia.

(11) Nature and length of the professional relationship between the attorneys and client: The attorneys' law firm has performed legal services for HeiTech since 2008, and the services rendered have included representation in litigation, general government contract and business matters, human resources issues and employment matters.  (Mengel Decl. ¶ 7.)

(12) Attorneys' fees awards in similar cases: There is no evidence regarding fees awarded for similar cases; however, HeiTech cites multiple cases from this district where the same reasonableness analysis was employed and adopted.  (Reilly Decl. ¶ 5.)

Accordingly, in light of the factors discussed above and the application of those factors to the work performed in this case, the Court finds that HeiTech's attorneys' fee request of $134,640.00 is reasonable.  Therefore, the Court will grant HeiTech's motion and enter the award.

## IV. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's motion for an award of costs and attorneys' fees.

An appropriate Order shall issue.

|  |  |
|---|---|
| | /s/ |
| June 25, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |